**STATE, Plaintiff-Appellee, v. WILLIAMS et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3414.   Decided November 24, 1950.

William A. Ambrose, Pros. Atty., Youngstown, for plaintiff-appellee.

William M. Howard, Youngstown, for defendants-appellants.

### OPINION

By PHILLIPS, PJ.

The parties will be referred to in this opinion as they stood in the court of common pleas.

Defendants were arrested for, charged with, found guilty by a judge of that court, sitting as a jury by election of defendants, of stealing two watches valued at $470.00 from Livingston Jewelry Store in Youngstown, Mahoning County, Ohio.

Defendants appealed to this court on questions of law from the judgment of conviction and sentence to the Ohio Penitentiary.

By assignment of errors defendants contend "that the trial court erred in not sustaining defendants-appellants' motion for a dismissal of the charge of grand larceny at the conclusion of plaintiff-appellee's case," and "at the conclusion of all the evidence"; that "the judgment of the court is

contrary to, and unsupported by, the evidence," and "to law"; and finally that "the trial court erred in overruling defendants-appellants' motion for new trial."

About noon on February 10, 1950, defendants and William Blackman left Cleveland and went to Youngstown, where Allen went, they said, to arrange boxing bouts with Youngstown promoters. Arriving in Youngstown, Allen purchased a local newspaper, and all three men went to a cafe, where Allen and Williams left Blackman eating a lunch and went to King's Jewelry Store.

At that store Williams purchased glassware valued at less than a dollar, which he left there under the name of Jackson, and which he arranged to call for later. While Williams was making that purchase a clerk, other than the one who was serving him, testified she saw Allen, who was holding a newspaper in front of him apparently to hide his activities, lean across a watch show case and attempt to open the door thereof but was foiled in his attempt by her apprehension of his activities.

Leaving King's Jewelry Store Allen and Williams went to Livingston's Jewelry Store. One of Livingston's employees testified "I saw Allen stretch the newspaper like this and go closer to the case, and I saw his hand go towards the case, and I finished with the fellow here, and I went over to the case, and I saw two watches missing" as Williams and Allen left the store. The watches were never found after complete search of the store and inquiry from employees of the store concerning their whereabouts.

The quoted evidence introduced in the trial court is sufficient to state in order to understand the questions presented for our consideration and determination, and dispose of defendants' assignments of error.

Defendants' counsel argue that the watches were lost, mislaid, or stolen by others. Upon that possibility defendants' counsel argue they were not proven guilty of the charge of grand larceny by the required degree of proof.

We have read the bill of exceptions submitted to us for review carefully, and conclude that defendants were proven guilty of grand larceny, with which they were charged by the required degree of proof; and that the trial judge did not err to their prejudice in any of the respects claimed.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.